UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Eric John Christensen,**    Civil No. 08-1079 (JNE/SRN)

    **Plaintiff,**

    v.    **REPORT AND RECOMMENDATION**

**Wal-Mart Stores, Incorporated,**

    **Defendant.**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

Plaintiff Eric John Christensen commenced this action against Defendant Wal-Mart Stores, Incorporated on April 17, 2008. This Court held a pretrial conference on May 28, 2008, and the case is currently in the discovery phase. On June 11, 2008, Plaintiff's counsel moved to withdraw without substitution on the basis that Plaintiff had discharged him and wanted to proceed pro se. The Court heard and granted the motion on June 30, 2008, and Plaintiff is currently representing himself pro se. On July 2, 2008, the Court received a letter from Plaintiff, dated June 29, 2008, stating that he was dismissing his case against Defendant.

The Court interprets Plaintiff's letter as a request to voluntarily dismiss his case. Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to voluntarily dismiss his or her case "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Dismissal under Rule 41(a)(1) is not appropriate in the present case because neither filing requirement is satisfied. Defendant has filed an answer, and the parties have not stipulated to dismissal.

Once an answer or motion for summary judgment has been filed, Rule 41(a)(2) provides

that a court may dismiss an action at the plaintiff's request on terms the court finds appropriate. In deciding whether to dismiss a case under Rule 41(a)(2), a court should consider whether the plaintiff has provided a proper explanation, whether dismissal would waste judicial time and effort, and whether dismissal would prejudice the defendant.  Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999).  Dismissal under Rule 41(a)(2) is without prejudice unless the court orders otherwise.  Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995).  Here, Plaintiff has not explained why he wants to dismiss his case, which weighs against granting his request.  On the other hand, dismissal would not waste judicial resources, but would conserve judicial time and effort, considering that the case is in a very early stage.  Defendant, too, will conserve time and effort if this action is dismissed, and the Court foresees no prejudice that would result.  Accordingly, the Court recommends that the case be dismissed without prejudice pursuant to Plaintiff's request and Rule 41(a)(2).

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 7, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 22, 2008** , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination

of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.